UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JANET ANN DELANEY,           )
    Plaintiff,              )
                             )   No. 3:11-cv-474
v.                           )   (Phillips)
                             )
CHEROKEE HEALTH SYS.,        )
    Defendant.              )

## MEMMORANDUM AND ORDER

**I.    Introduction**

Before the Court is the Defendant, Cherokee Health Systems' ("Cherokee") Motion to Dismiss, or Alternatively, for Summary Judgment [Doc. 11]. This case is currently set for trial to occur on December 4, 2012 at 9:00 a.m. On August 17, 2012, the Defendant, Cherokee Health Systems, filed a Motion to Dismiss, or alternatively, a Motion for Summary Judgment. [Doc. 11.] On November 16, 2012, this Court issued a Show Cause Order [Doc. 15] instructing the Plaintiff, Ms. Delaney, to respond to the Defendant's Motion and show cause as to why this action should not be dismissed for failure to prosecute. On November 23, 2012, the Plaintiff responded to the Show Cause Order with a hand-written letter, delivered to the Clerk of this Court, which appears to be an appeal to this Court for leniency regarding the Federal Rules of Civil Procedure and an offer to donate a portion of any monies recovered in damages (as a result of a favorable outcome in this case) to a philanthropic cause of the Courts choice. [Doc. 16] Considering the Plaintiff is appearing in this action *pro se*, the Court has given much latitude thus far; however, at this stage, the Court finds that the Plaintiff has not alleged a legally cognizable injury. Consequently, Defendant's Motion to Dismiss [Doc. 11] is **GRANTED.**

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Complaint [Doc. 2] and the Motion to Dismiss [Doc. 11] without converting this Motion to Dismiss to a motion for summary judgment.

### a. Americans with Disability Act

Making matters even more difficult in this case, it is not completely clear under what provisions of law the Plaintiff believes that she is entitled to recover. While the Plaintiff makes a

general reference to the Americans with Disabilities Act ("ADA"), she does not point to any particular provision or any applicable law. Assuming that the Plaintiff seeks to recover under Title II or Title III the ADA, Title II prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to pursue a claim under Title II of the ADA, the Plaintiff must allege (1) that she is a "qualified individual with a disability;" (2) that she was "excluded from participation in or … denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability." 42 U.S.C. § 12132 and 12182(a); *see also Sandison v. Mich. High School Athletic Ass'n,* 64 F.3d 1026, 1036 (6th Cir. 1995) [**4] (Title II).

The first problem is that the Plaintiff does not allege to be a "qualified individual with a disability" as required. *Id.* The Plaintiff claims to have "cognitive dysfunction secondary to a closed head injury and I am subject to depression and anxiety as well as having been with P.T.S.D. as well as several other physical problems." [Doc. 2 at 5] In order to properly allege that one is a "qualified individual with a disability," it is not enough to give the Court a listing of your general health. One must allege, specifically, that they suffer from a disability that is

protectable under the ADA. For example, the ADA website maintains a "Frequently Asked Questions" section on their website; the Court will excerpt a portion below:

> Q. Who is protected from employment discrimination?
> A. Employment discrimination is prohibited against "qualified individuals with disabilities." This includes applicants for employment and employees. An individual is considered to have a "disability" if s/he has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment. Persons discriminated against because they have a known association or relationship with an individual with a disability also are protected.
> The first part of the definition makes clear that the ADA applies to persons who have impairments and that these must substantially limit major life activities such as seeing, hearing, speaking, walking, breathing, performing manual tasks, learning, caring for oneself, and working. An individual with epilepsy, paralysis, HIV infection, AIDS, a substantial hearing or visual impairment, mental retardation, or a specific learning disability is covered, but an individual with a minor, nonchronic condition of short duration, such as a sprain, broken limb, or the flu, generally would not be covered.
> The second part of the definition protecting individuals with a record of a disability would cover, for example, a person who has recovered from cancer or mental illness.
> The third part of the definition protects individuals who are regarded as having a substantially limiting impairment, even though they may not have such an impairment. For example, this provision would protect a qualified individual with a severe facial disfigurement from being denied employment because an employer feared the "negative reactions" of customers or co-workers.

Americans With Disabilities Act Questions and Answers, http://www.ada.gov/qandaeng.htm (last visited November 28, 2012)

The second inescapable deficiency is that the Plaintiff only makes a conclusory allegation that she was discriminated against by the Defendant. As mentioned above, Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Assuming that the Plaintiff did allege that she was a "qualified individual" who is in fact "disabled" under the ADA, the Plaintiff has

failed to explain why preventing her alleged "service dog" from entering the Defendant's property amounts to discrimination under the ADA. The Plaintiff does not allege any particular function that the dog provides, nor does she allege that the dog is trained to do anything for the Plaintiff at all; she only alleges that the dog "mitigates [her] condition." [Doc. 2 at 5] As mentioned earlier, what that "condition" is remains unclear and the dog's role in "mitigating" that condition, is equally so. While it is plausible that the Defendant practiced a type of constructive exclusion by refusing to admit a necessary service dog, the Plaintiff failed to allege that the dog serves any real purpose; in other words, the plaintiff failed to allege that the dog was necessary, that she is "disabled," the Defendant's property is subject to ADA oversight, that they practiced "discrimination" against the Plaintiff, and that she suffered as a result of that discrimination.

Finally, as the Defendant correctly states in its Motion to Dismiss, assuming, as is most likely, that Title III is the cause of action, Title III does not allow money damages, only injunctive relief. 42 U.S.C.S. 12188(a)(2). Plaintiff has failed to allege a cognizable injury and has not satisfied a single sequence of an ADA analysis.

### III. Conclusion

The Plaintiff has failed to state a claim upon which relief could be granted. Consequently, this action will be **DISMISSED, BUT WITHOUT PREJUDICE.**

       **IT IS SO ORDERED**.

       **ENTER:**

ENTERED AS A JUDGMENT         s/ Thomas W. Phillips
  s/ *Debra C. Poplin*         United States District Judge
  CLERK OF COURT